SOUTH TEXAS COMMERCIAL NATIONAL BANK OF HOUSTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 7225.    Promulgated September 19, 1946.

*Homer L. Bruce, Esq.,* for the petitioner.
*Stanley B. Anderson, Esq.,* for the respondent.

OPINION.

HARLAN, *Judge*: The parties are in agreement that this case is controlled by sections 23 (p) and 165 of the Internal Revenue Code, prior to its amendment by the Revenue Act of 1942.[1]

---

[1] SEC. 165. EMPLOYEES' TRUSTS.

A trust forming part of a stock bonus, pension, or profit-sharing plan of an employer for the exclusive benefit of some or all of his employees—

      (1) if contributions are made to the trust by such employer, or employees, or both, for the purpose of distributing to such employees the earnings and principal of the fund accumulated by the trust in accordance with such plan, and

      (2) if under the trust instrument it is impossible, at any time prior to the satisfaction of all liabilities with respect to employees under the trust, for any part of the corpus or income to be (within the taxable year or thereafter) used for, or diverted to, purposes other than for the exclusive benefit of his employees,

shall not be taxable under section 161, but the amount actually distributed or made available to any distributee shall be taxable to him in the year in which so distributed or made available to the extent that it exceeds the amounts paid in by him. Such distributees shall for the purpose of the normal tax be allowed as credits against net income such part of the amount so distributed or made available as represents the items of interest specified in section 25 (a).

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

  In computing net income there shall be allowed as deductions:

    \*       \*       \*       \*       \*       \*       \*

    (p) PENSION TRUSTS.—

    (1) GENERAL RULE.—An employer establishing or maintaining a pension trust to provide for the payment of reasonable pensions to his employees shall be allowed as a deduction (in addition to the contributions to such trust during the taxable year to cover the pension liability accruing during the year, allowed as a deduction under subsection (a) of this section) a reasonable amount transferred or paid into such trust during the taxable year in excess of such contributions, but only if such amount (1) has not theretofore been allowable as a deduction, and (2) is apportioned in equal parts over a period of ten consecutive years beginning with the year in which the transfer or payment is made.

    \*       \*       \*       \*       \*       \*       \*

    (3) EXEMPTION OF TRUSTS UNDER SECTION 165.—The provisions of paragraphs (1) and (2) of this subsection shall be subject to the qualification that the deduction under either paragraph shall be allowable only with respect to a taxable year (whether the year of the transfer or payment or a subsequent year) of the employer ending within or with a taxable year of the trust with respect to which the trust is exempt from tax under section 165.

We have not been furnished by either the petitioner or the respondent with any authorities to sustain their respective views on the question of the taxability of this trust to the settlor thereof. It will be noted, however, that section 165 requires that the exempted trust must be for the purpose of "forming part of a stock bonus, pension, or profit sharing plan."

It is our holding that the payments herein do not constitute a pension within the intent and purview of the statute and also that the trust agreement providing for these payments is so vague and tenuous in its provisions that it can not be said that this agreement is the basis for any definite control over future conduct to such an extent as to be designated as a "plan."

While it is true that the early concept of pensions involved the whimsical charity of the sovereign and that there was generally little distinction between gratuities, charity, and pensions, nevertheless, our more modern concept of pensions involves a far more definite idea than the mere charitable whim of the pension payor. This should be particularly true when the pension payor procures a tax benefit therefrom. The Government under such circumstances, in effect, by permitting tax deductions, is contributing to the pension fund itself, and, when it requires that the pension should be paid according to a plan, it is entitled to a more definite arrangement than that the pension will be paid to such former employees as are deemed meritorious or needy and for such length of time as the employee retains its good will. We see in present day decisions pensions referred to as "a pension is definite in amount, lasts during the life of the pensioner, and must be disbursed regularly," *Broadhurst* v. *City of North River*, 149 N. E. 586; "a pension is a stated and certain allowance made and granted by the government for valuable services performed in its behalf," *In re Roche*, 126 N. Y. S. 766.

At the hearing of this case the chairman of the board of directors of the trustor-trustee bank stated that the trust agreement was drawn in its existing form because the bank did not wish to become obligated in such a way as to be subject to litigation by any of its employees. He stated:

What we had in mind was to create a pension fund for the benefit of the employees in which the employees would not participate and would have no financial interest * * *. It [the bank] wanted to reserve to itself the right to name the amount of the pension, bearing in mind that in some cases a person who had been with us a long time might have some income of their own, independent income, whereas another with like service did not and we wanted to be able to give the one that needed it most the larger pension.

It is thus evident that the bank in creating this trust desired to create a fund out of which it could in the future bestow its charity on its old employees. It desired to be in a position to pay those whom it consid-

ered had rendered the most valuable and loyal services more than those who had not rendered services which it valued so highly, and also to pay those who were in need relatively larger amounts, while those who were able to finance themselves should receive little or nothing. Such an arrangement whereby an employer retains the power to "sprinkle its beneficences" among a selected segment of its employees, through the medium of a trust which it creates, does not satisfy the provisions of section 165, *supra*, granting exemption from tax to a "trust forming part of a  *  *  *  pension  *  *  *  plan of an employer for the exclusive benefit of some or all of his employees." See *Commissioner* v. *Buck*, 120 Fed. (2d) 775; and *Stockstrom* v. *Commissioner*, 151 Fed. (2d) 253, where the court said:

Although economic gain "realized or realizable by the taxpayer is necessary to produce a taxable income", power to command trust income is equivalent to taxable enjoyment thereof and power to shift income from one beneficiary to another constitutes control and amounts to a realization of economic gain.

Thus it would seem to us to be evident that the arrangement created by the taxpayer herein was a pension trust in name only. It was in truth and in fact merely the creation of a fund for the disbursement of future charity according to the whim of the trustor, who was itself the trustee. Likewise, it is our finding that the arrangement for the dissemination of these payments to the beneficiaries does not contain anything which remotely resembles a pension plan. The trustor created a fund which it may or may not contribute to as it sees fit. It can amend the trust agreement in any way except that it can not divert the principal or income thereof to purposes other than compensating its retired employees. However, there is nothing to require the trustor to pay any retired employee one cent. If, however, the trustee pays an employee any amount for one month, it must be at least $25 and not over $250. The trustee distributes this fund in exactly the same way it would distribute it if it were the owner of the same, subject only to the advice of the trustor, who, of course, is the trustee. Therefore the trustor reserves to itself the power of doing everything with this fund that an owner could do. To call such an arrangement a plan is, we feel, a decided misuse of that word.

Our conclusion from the foregoing is that the trust is not exempt from tax under the provisions of section 165 of the code, *supra*. Inasmuch as such exemption is required by the provisions of section 23 (p) (3), *supra*, as a prerequisite to the deductibility of any part of the payments made by petitioner to the trust, the claimed deductions must be, and are, disallowed.

*Judgment will be entered for the respondent.*